FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

00 MAY -5 AM 11: 26

CLERK...
MIDDLE DI...
ORLANDO, FLORIDA

DENNIS KING, M.D.,

    Plaintiff,

v.                          CASE NO. 6:00-383-CIV-ORL-19C

HOLMES REGIONAL MEDICAL
CENTER, INC., a Florida
non-profit corporation,

    Defendant.
_____/

## ORDER

This Case is Before the Court on Defendant's Motion to Dismiss First Amended Complaint (Doc. No. 8, filed April 24, 2000); Defendant's Memorandum of Law and Facts in Support of its Motion to Dismiss First Amended Complaint (Doc. No. 9, filed April 24, 2000); and Memorandum of Law in Opposition to Motion to Dismiss (Doc. No. 10, filed May 2, 2000).

### Background

Defendant Holmes Regional Medical Center, Inc. moves to dismiss this action for lack of subject matter jurisdiction. Subject matter jurisdiction for this case is premised on the Plaintiff's assertion that the Court has federal question jurisdiction over the Plaintiff's claim in Count III. In Count III, the Plaintiff asserts a claim under the Health Care Quality Improvement Act, 42 U.S.C. § 11111 et seq. (the "Health Care Act").

AO 72A
(Rev.8/82)

11

## **Analysis**

The United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") has held that a physician does not have a private cause of action under the Health Care Act. See Bok v. Mutual Assurance, 119 F.3d 927, 928 (11th Cir. 1997). The Plaintiff argues that the Eleventh Circuit's decision in Bok is limited to its facts. The decision, however, clearly states that "the Act does not provide for a private cause of action." Id.[1] The Court is bound to follow prior decisions of the Eleventh Circuit. Matthews v. City of Gulfport, 72 F.Supp.2d 1328, 1340 (M.D.Fla. 1999). Accordingly, the Court does not have jurisdiction based on the Plaintiff's claim in Count III of this action. See Florida Dept. of Business Regulation v. Zachy's Wine and Liquor, Inc., 125 F.3d 1399, 1405 (11th Cir. 1997).

The Plaintiff concedes that Count III is the only claim upon which this Court can base its jurisdiction. (Doc. No. 10 at 5). Thus, this case must be dismissed for lack of subject matter jurisdiction.

---

[1] Other courts that have considered this issue also have held that no private cause of action exists under the Health Care Act. See Wayne v. Genesis Med. Ctr., 140 F.3d 1145, 1147-48 (8th Cir.1998); Hancock v. Blue Cross-Blue Shield, 21 F.3d 373, 374-75 (10th Cir. 1994); Brown v. Medical College of Ohio, 79 F.Supp.2d 840, 845 (N.D. Ohio 1999); Held v. Decatur Memorial Hosp., 16 F.Supp.2d 975, 977 (C.D.Ill. 1998).

AO 72A
(Rev.8/82)

## Conclusion

Based on the foregoing, the Defendant's Motion to Dismiss First Amended Complaint (Doc. No. 8) is **GRANTED**. The Plaintiff's First Amended Complaint (Doc. No. 7) is **DISMISSED** without prejudice to the Plaintiff filing the state law claims in an appropriate forum.

**DONE AND ORDERED** at Orlando, Florida, this 5th day May, 2000.

PATRICIA C. FAWSETT
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record.

3

AO 72A
(Rev.8/82)